1 | David S. Wilson, III (Bar No. 174185)
2 | Christopher J. Yost (Bar No. 150785)
| **FEDERAL EXPRESS CORPORATION**
3 | 2601 Main Street, Suite 340
| Irvine, CA 92614
4 | TEL: (949) 862-4656
| FAX: (949) 862-4605
5 |
6 | **dswilson@fedex.com**

7
8 | **Attorneys for Defendants**
| **FEDERAL EXPRESS CORPORATION**

FILED

2008 MAY 28 ⌐ 10:45

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

9
10 | **UNITED STATES DISTRICT COURT**
| **NORTHERN DISTRICT OF CALIFORNIA**
11

| | |
|---|---|
| 12  HECTOR BARRERA, | CASE NO. |
| 13          Plaintiff, | **C 08   02668**  RS |
| 14       v. | |
| 15  FEDERAL EXPRESS | **DEFENDANT'S NOTICE OF** |
|     CORPORATION; ANGELA | **REMOVAL** |
| 16  SUAZO, and Does 1-20, | |
| 17          Defendants. | Complaint Filed: April 14, 2008 |
| 18 | |
| 19 | |

20 |     Defendant Federal Express Corporation ("FedEx"), by and through
21 | undersigned counsel and pursuant to 28 U.S.C. §§ 1441 and 1446, files this
22 | Notice of Removal effecting removal of the case styled *Hector Barrera v.*
23 | *Federal Express Corporation; Angela Suazo, and Does 1 through 20*, from
24 | Santa Clara County Superior Court to the United States District Court for the
25 | Northern District of California.   As grounds for removal, FedEx states as
26 | follows:
27 |     1.    This civil action was originally filed on April 14, 2008, in Santa
28 | Clara County Superior Court, and is now pending in said court, bearing case

1   no. 108CV110397.

2       2.    On April 28, 2008, FedEx's agent for service of process, CT

3   CORPORATION, received via regular mail the Summons and Complaint in

4   this matter, along with a Civil Lawsuit Notice, Case Management Statement,

5   ADR Information Sheet, and Notice and Acknowledgement of Receipt—Civil.

6   FedEx agreed to accept service of process on May 15, 2008.    Defendant

7   Angela Suazo has not been served.

8       3.    The    Summons,    Complaint,    Civil    Lawsuit    Notice,    Case

9   Management    Statement,    ADR    Information    Sheet    and    Notice    and

10  Acknowledgement of Receipt--Civil constitute all of the process, pleadings

11  and orders served on either FedEx or Defendant Suazo.    A copy of these

    documents is attached hereto as Exhibit "A."

12      4.    On May 28, 2008, FedEx filed its Answer in the Santa Clara

13  County Superior Court, a true and correct copy of which is attached hereto as

14  Exhibit "B."

15      5.    FedEx's Notice of Removal has been filed within 30 days after its

16  receipt of a copy of Plaintiff's Complaint in accordance with 28 U.S.C.

17  §1446(b).

18      6.    Venue is proper in this Court.

19      7.    Copies of this Notice of Removal and a Notice of Filing of Notice

20  of Removal have been mailed to Plaintiff's counsel and are being filed with the

21  Clerk of the Santa Clara County Superior Court.

22      8.    The above-styled suit is a civil action for compensatory and

23  punitive damages in which Plaintiff Barrera alleges that he was discriminated

24  and retaliated against in violation of the California Fair Employment and

25  Housing Act, Government Code section 12940, et seq. (hereinafter "FEHA").

26  In addition to his FEHA claims, Plaintiff has brought claims alleging

27  intentional infliction of emotional distress, breach of contract, breach of the

28  implied covenant of good faith and fair dealing, and wrongful termination in

DEFENDANT'S NOTICE OF REMOVAL

1 | violation of public policy.

2     9.    Upon information and belief, Plaintiff Barrera is currently, and
3 was at the commencement of this action, a citizen of the State of California.

4     10.    Defendant FedEx is not a citizen of California. Rather, it is a
5 corporation incorporated under the laws of the State of Delaware which
6 maintains its principal place of business in the State of Tennessee. As Plaintiff
7 Barrera is a resident of California and Defendant FedEx is a citizen of a state
8 other than California there is complete diversity between the parties, with the
9 exception of Defendant Suazo, who is a sham defendant.

10     11.    "Doe" Defendants named but not served are not joined in this
11 Notice of Removal. *Savelson v. Western States Bankcard Ass'n*, 731 F.2d
12 1423, 1429 (9th Cir. 1984); *Northern Illinois Gas Co. v. Airco Industrial*
13 *Gases*, 676 F.2d 270, 272 (7th Cir. 1982).

14     12.    Defendant Suazo consents to the removal of this action to federal
15 court, but she need not join in this removal because she has not been served
16 with Plaintiff's Complaint and Plaintiff has not attempted to serve her. *Emrich*
*v. Touche Ross & Co.*, 846 F.2d 1190, 1193, n. 1 (9th Cir. 1988).

17     13.    The presence of Defendant Suazo in this lawsuit does not defeat
18 diversity because her joinder was "fraudulent." It is well established that "[i]f
19 the plaintiff fails to state a cause of action against a resident defendant, and the
20 failure is obvious according to the settled rules of the state, the joinder of the
21 resident defendant is fraudulent." *McCabe v. General Foods Corp.*, 811 F.2d
22 1336, 1339 (9th Cir. 1987); *see also Ritchey v. Upjohn Drug Co.*, 139 F.3d
23 1313, 1318 (9th Cir. 1998). Fraudulently joined defendants will not defeat
24 removal on diversity grounds. *Ritchey, supra* at 1318.

25     14.    Plaintiff alleges six claims in his Complaint:  (1) wrongful
26 termination in violation of public policy; (2) discrimination in violation of the
27 FEHA; (3) retaliation in violation of the FEHA; (4) breach of contract; (5)
28 breach of the implied covenant of good faith and fair dealing; and (6)

1  intentional infliction of emotional distress.  All six claims fail to sate a viable

2  claim against Defendant Suazo.

3      15.  Plaintiff's first claim for wrongful termination in violation of

4  public policy fails to state a claim against Defendant Suazo because it is well-

5  settled under California law that only an employer, and **not an employee**, can

6  be held liable for alleged tortuous or wrongful termination.  *Jacobs v.*

7  *Universal Development Corporation*, 53 Cal. App. 4th 692, 704 (1997) [only

8  an employer can be liable for tortuous discharge]; *see also Reno v. Baird*, 18

9  Cal. 4th 640, 663-664 (1998).

10      16.  Plaintiff's second claim for discrimination in violation of the FEHA

11  fails to state a claim against Defendant Suazo, who was alleged to be

12  Plaintiff's supervisor who was acting within the course and scope of her

13  employment.  California law is clear that liability for discrimination under the

14  FEHA "is limited to the 'employer' only" and does not extend to individual

15  employees such as Defendant Suazo.  *Janken v. GM Hughes Elecs.*, 46 Cal.

16  App. 4th 55, 65 (1996); *see also Reno v. Baird*, 18 Cal. 4th 640, 643 (1998)

17  (citing *Janken*, 46 Cal. App. 4th at 55, with approval).  Actions such as

18  terminating an employee are common managerial actions that, even if induced

19  by an improper motive, constitute only discrimination, which is actionable

20  only against the employer and for which a supervisor has **no individual**

21  **liability**.  *Reno, supra* at 643-647; *Janken, supra* at 55, 63-65.  Furthermore,

22  Defendant Suazo's actions regarding the termination of Plaintiff are absolutely

23  privileged personnel actions.  *Sheppard v. Freeman*, 67 Cal. App. 4th 339, 349

24  (1998) *rev. denied* 1999 Cal. LEXIS 759 (1999) (employees, **regardless of**

25  **their scope of employment or personal motives**, cannot be individually

26  liable for their conduct relating to personnel actions such as termination).

27      17.  Plaintiff's third claim for retaliation in violation of the FEHA fails

28  to state a claim against Defendant Suazo.  As recently announced by the

    California Supreme Court, where an employer is liable for retaliation under

California Government Code section 12940(h), non-employer individuals are not personally liable for their role in that retaliation. *Jones v. The Lodge at Torrey Pines Partnership*, 42 Cal. 4th 1158, 1173, 1174 (2008).

18.   Plaintiff's fourth claim for breach of contract fails to state a claim against Defendant Suazo, who is not alleged to be a party to any alleged employment contract between FedEx and Plaintiff, because it is well-settled under California law that individual defendants who are agents or employees of a contracting party are not parties to alleged breached contracts and have no liability under said contracts. *Gruenberg v. Aetna Insurance Co.*, 9 Cal. 3d 566, 576 (1973); *see also Cleary v. American Airlines, Inc.*, 111 Cal. App. 3d 443, 456, dis*approved on other grounds by Foley v. Interactive Data*, 47 Cal. 3d 654, 700, n. 42 (1988).

19.   Plaintiff's fifth claim for breach of the implied covenant of good faith and fair dealing fails to state a claim against Defendant Suazo, because where there is no liability for breach of contract there can be no liability for breach of the covenant of good faith and fair dealing. *Schar v. Hartford Life Insurance Co.*, 242 F. Supp. 2d 708, 720 (N.D. Cal. 2003).

20.   Plaintiff's sixth claim for intentional infliction of emotional distress fails to state a claim against Defendant Suazo, because termination of employment, even it is the product of a discriminatory or retaliatory motive, cannot support a claim for intentional infliction of emotional distress. *Metoyer v. Chassman*, 248 Fed. Appx. 832, 835 (9th Cir. 2007).

21.   Plaintiff's Complaint does not specify the amount of damages sought, but FedEx submits that the Complaint contemplates an amount in controversy in excess of $75,000.00, exclusive of interest and costs, in that Plaintiff seeks past, present and future earnings, lost benefits, general damages for emotional and mental distress, punitive damages, attorney's fees, and such other and further relief as the Court deems just. *See* Exhibit "A," Complaint, Prayer for Relief, p. 3; Mendoza Decl., stating that Plaintiff Hector Barrera's

1    total income in 2005 (the last full year he reported to work at FedEx) was

2    $54,779.82.

3        22.    Where a plaintiff's state court complaint is silent as to the amount

4    of damages claimed, the removing defendant need only establish that it is

5    more probable than not that plaintiff's claim exceeds the jurisdictional

6    minimum. *Sanchez v. Monumental Life Ins. Co.*, 95 F.3d 856, 860-861 (9th

7    Cir. 1996). In an action by a single plaintiff against a single defendant, all

8    claims can be aggregated to meet the minimum jurisdictional amount. *Bank of

9    Calif. v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972).

10   Defense counsel's testimony itemizing the bases for plaintiff's damages

11   claims has been held sufficient to establish the jurisdictional minimum for

12   diversity jurisdiction. *Gafford v. General Electric Co.*, 997 F.2d 150, 160-161

     (6th Cir. 1993).

13       23.    In determining whether the amount in controversy exceeds

14   $75,000, the Court must presume the plaintiff will prevail on each and every

15   one of his claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*,

16   199 F.Supp. 993, 1001 (C.D. Cal. 2002), citing *Burns v. Windsor Ins. Co.*, 31

17   F.3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis

18   presumes that "plaintiff prevails on liability") and *Angus v. Shiley Inc.*, 989

19   F.2d 142, 146 (3d Cir. 1993) ("the amount in controversy is not measured by

20   the low end of an open-ended claim, but rather by a reasonable reading of the

21   value of the rights being litigated"). The argument and facts set forth herein

22   may appropriately be considered in determining whether the jurisdictional

23   amount in controversy is satisfied. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 843,

24   n.1 (9th Cir. 2002), citing *Willingham v. Morgan*, 395 U.S. 402, 407, n.3, 89

25   S.Ct. 1813, 23 L.Ed.2d 396 (1969).

26       24.    The amount in controversy may include general and special

27   compensatory damages and attorney's fees which are recoverable by statute.

28   *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-1156 (9th Cir. 1998). The

DEFENDANT'S NOTICE OF REMOVAL

Court may examine the nature of the action and the relief sought and take judicial notice of attorney's fee awards in similar cases. *See, e.g., Simmons v. PCR Technology*, 209 F.Supp.2d 1029, 1035 (N.D. Cal. 2002) (noting that attorney's fees in individual employment discrimination cases often exceed damages).

25.    Cases in the Ninth Circuit firmly establish that statutory attorney's fees will be included as a basis for determining the jurisdictional amount in controversy. *See Galt G/S, supra*, 142 F.3d at 1155-56. Furthermore, such fees are calculable beyond the time of removal. *Simmons v. PCR Technology*, 209 F.Supp.2d at 1035.

26.    Punitive damages are also included in calculating the amount in controversy. *Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963); *see also Aucina v. Amoco Oil Co.*, 871 F.Supp. 332 (S.D. Iowa 1994). The potential punitive damage award against a defendant such as FedEx alone may satisfy the amount in controversy requirement. FedEx is a subsidiary of FedEx Corporation, a publicly held company with shares traded on the New York Stock Exchange. *See* Mendoza Decl. Although FedEx vigorously denies Plaintiff's allegations, if Plaintiff was to prevail on one of his claims and establish the requisite state of mind, the punitive damages alone could exceed the jurisdictional minimum. Plaintiff's statement satisfies the jurisdictional prerequisite for amount in controversy. It cannot be said to a legal certainty that Plaintiff would not be entitled to recover the jurisdictional amount. *Anthony v. Security Pacific Financial Services, Inc.*, 75 F.3d 311, 315 (7th Cir. 1996); *Watson v. Blankinship*, 20 F.3d 383, 386-387 (10th Cir. 1994).

27.    In *Aucina v. Amoco Oil Co.*, the defendant-employer established that the amount in controversy exceeded the jurisdictional minimum where the former employee asserted claims for lost wages, lost benefits, mental anguish, and punitive damages. The court noted that the defendant was a Fortune 500

1    Company, and that "[b]ecause the purpose of punitive damages is to capture a
2    defendant's attention and deter others from similar conduct" the plaintiff's
3    claim for punitive damages "might alone" exceed the jurisdictional minimum.
4    *Aucina*, 871 F.Supp. at 334.

5        28.   Moreover, specific recent verdicts in employment cases indicate
6    that verdicts well in excess of the jurisdictional requisite were awarded to
7    plaintiffs. (A copy of a verdict survey is attached to the Declaration of David
8    S. Wilson, III). In this vein, sometimes plaintiffs in employment cases are
9    awarded for emotional distress and/or attorney's fees although the economic
10   losses are rather limited. For example, in *Williams v. Corona/Norco Unified*
11   *School District*, Case No. 279869, decided February 4, 1997, the plaintiff, a
12   57-year-old African-American elementary school principal, had worked for
13   the school district for only four and a half (4½) months prior to termination.
14   Although the proved loss of earnings was only $27,000.00 and future loss of
15   earnings was $113,000.00, the verdict was for $325,000.00 on grounds of
     infliction of emotional distress.

16       29.   This Court, therefore, has original jurisdiction over Plaintiff's
17   claims by virtue of diversity of citizenship and satisfaction of the amount in
18   controversy requirement of 28 U.S.C. § 1332. This action is properly
19   removable to federal court pursuant to 28 U.S.C. §§ 1332 and 1441(a).

20       WHEREFORE, Defendant FedEx hereby removes this action
21   from the Santa Clara County Superior Court to the United States District Court
22   for the Northern District of California.

23

24   DATED: May 2⁷, 2008    By:

25           DAVID S. WILSON, III, ESQ.
             CHRISTOPHER J. YOST, ESQ.
             **FEDERAL EXPRESS CORPORATION**
26           Attorneys for Defendant

27   731890

28

          8

EXHIBIT "A"

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**



FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

FEDERAL EXPRESS CORPORATION; ANGELA SUAZO; and
Does 1 - 20

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
HECTOR BARRERA

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

Santa Clara County Superior Court
191 North First Street
San Jose, CA 95113

CASE NUMBER:
*(Número del Caso):*
**108CV110397**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Edward L. Niland     Niland & Niland     Bar No. 66990     (408) 395-3100
233 Oak Meadow Drive, Los Gatos, CA 95032

DATE:
*(Fecha)* APR 1 4 2008          Kiri Torre          Clerk, by _____, Deputy
                                  *(Secretario)*                  *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. January 1, 2004)

**SUMMONS**

Page 1 of 1

Code of Civil Procedure §§ 412.20, 485
American LegalNet, Inc. | www.USCourtForms.com

1 | EDWARD L. NILAND, ESQ. - State Bar #66990
**NILAND & NILAND**
2 | 233 Oak Meadow Drive
Los Gatos, California 95032
3 | Telephone:(408) 395-3100
Fax No. (408) 395-3120
4 |
Attorneys for Plaintiff
5 |

ENDORSED
FILED

2008 APR 14  P 3: 27

C. FUJIHARA

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SANTA CLARA

**108CV 110397**

HECTOR BARRERA,                          No.

              Plaintiff,

    v.

FEDERAL EXPRESS
CORPORATION; ANGELA SUAZO,
and Does 1-20,

             Defendants.

**COMPLAINT FOR WRONGFUL
TERMINATION;
DISCRIMINATION AND
RETALIATION IN VIOLATION
OF PUBLIC POLICY; AND,
BREACH OF CONTRACT**

_____/

## FACTS COMMON TO ALL CAUSES OF ACTION

Federal Express is a corporation with offices on Brokaw Road in San Jose, California, where the wrongful acts took place.

On or about August 4, 2006, Hector Barrera was terminated from his employment at Federal Express after 15+ years of loyal service. The supervisor who determined to terminate his employment was Angela Suazo.

The reason given was "falsification."

What Mr. Barrera actually did was to comply with two customer requests to leave specified packages at the customers' residences without the requirement of a signature.

-1-

COMPLAINT

1        Ms. Suazo's decision to terminate Mr. Barrera's employment without

2  employing progressive discipline was in retaliation for his outspoken support of a

3  class action suit by the employees of Federal Express against Federal Express for

4  wage and hours violations, and because Mr. Barrera often spoke out when he

5  perceived management actions to be supervisory abuses of workers' rights.

6        Ms. Suazo also was motivated by illegal discrimination and showed favoritism

7  to female drivers, some of whom had done exactly what Mr. Barrera did, with little or

8  no discipline.

9        Federal Express attempted to prevent Mr. Barrera from collecting

10  unemployment benefits by claiming he was fired for cause.  After an Employment

11  Development Department hearing, the commissioner found no misconduct to warrant

12  termination.  This was a judicial determination that is *Res Judicata* on the issue.

### BREACH OF IMPLIED IN FACT EMPLOYMENT CONTRACT VS. FEDERAL EXPRESS CORPORATION AND THE COVENANT OF GOOD FAITH AND FAIR DEALING

15        After 15+ years of loyal service there was an implied in-fact contract that

16  Federal Express would deal with Hector Barrera fairly and in a non-discriminatory

17  manner, and not terminate him without just cause.

18        Failing to apply its own standards of progressive discipline, even-handed

19  treatment, redress of grievances, and non-retaliation for Constitutionally protected

20  rights of free speech was a breach of the Implied In-Fact Contract and the Covenant

21  of Good Faith and Fair Dealing.

### VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT VS. FEDERAL EXPRESS AND ANGELA SUAZO

24        California's FEHA protects workers from discrimination or retaliation based

upon gender.

26        Federal Express negligently retained Angela Suazo as supervisor when it knew,

27  or should have known, Angela Suazo showed favoritism toward female employees,

28  and applied extra harsh and terminal discipline to Hector Barrera, in part because he

-2-

1  was male.

2  ## VIOLATION OF FUNDAMENTAL PUBLIC POLICY

3   Angela Suazo and Federal Express terminated Hector Barrera because he was

4  an outspoken proponent of worker's rights to fair treatment and was a vocal

5  proponent as part of a class suing Federal Express for wage and hour violations.

6   This was retaliation for exercising the inviolative and fundamental rights of

7  free speech and free access to the court's protected by the United States and

8  California Constitutions. This termination was in violation of a fundamental public

9  policy.

10  ## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

11   In terminating Hector Barrera for exercising his Constitutionally protected

12  rights of free speech and access to the Courts, Federal Express and Angela Suazo

13  knew or should have known they were violating a fundamental public policy and, in

14  so doing, they were inflicting Hector Barrera with severe emotional distress. Mr.

15  Barrera has suffered extreme emotional distress due to loss of livelihood and

16  essential benefits.

17   Wherefore, Plaintiff seeks:

18    1. Back and front pay and money damages for lost benefits;

19    2. Compensation for emotional distress;

20    3. Attorney's fees; costs of suit;

21    4. Punitive damages; and,

22    5. Prejudgment interest.

23

24  Date: ___4. 11.  ___, 2008  NILAND & NILAND

25

26       _Edward L. Niland_

27       EDWARD L. NILAND
     Attorney for Plaintiff

28       Hector Barrera

     -3-

# CIVIL LAWSUIT NOTICE

Superior Court of California, County of Santa Clara
191 N. First St., San Jose, CA  95113

CASE NUMBER: **108CV110397**    ATTACHMENT CV-5012

## READ THIS ENTIRE FORM

_PLAINTIFFS_ (the person(s) suing):  Within 60 days after filing the lawsuit, you must serve each defendant with the _Complaint_, _Summons_, an _Alternative Dispute Resolution (ADR) Information Sheet_, and a copy of this _Civil Lawsuit Notice_, and you must file written proof of such service.

---

_DEFENDANTS_ (The person(s) being sued):  **You must do each of the following to protect your rights:**

1. You must file a written **response** to the _Complaint_, in the Clerk's Office of the Court, within 30 days of the date the _Summons_ and _Complaint_ were served on you;
2. You must send a copy of your written response to the plaintiff; and
3. You must attend the first Case Management Conference.

**Warning:  If you do not do these three things, you may automatically lose this case.**

---

_RULES AND FORMS_:  You must follow the California Rules of Court (CRC) and the Santa Clara County Superior Court Local Civil Rules and use proper forms.  You can get legal information, view the rules and get forms, free of charge, from the Self-Service Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), or from:

- State Rules and Judicial Council Forms:  www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms:  http://www.sccsuperiorcourt.org/civil/rule1toc.htm
- Rose Printing:  408-293-8177 or becky@rose-printing.com (there is a charge for forms)

For other local legal information, visit the Court's Self-Service website www.scselfservice.org and select "Civil."

_CASE MANAGEMENT CONFERENCE (CMC)_:  You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC.  You must also fill out, file and serve a _Case Management Statement_ (Judicial Council form CM-110) at least 15 calendar days before the CMC.

_You or your attorney must appear at the CMC.  You may ask to appear by telephone – see Local Civil Rule 8._

---

Your Case Management Judge is:  **Kevin J Murphy** _____ Department:  **22**

The 1ˢᵗ CMC is scheduled for: (Completed by Clerk of Court)

Date: **SEP – 9 2008** Time: **3:00 PM** in Department **22**

The next CMC is scheduled for: (Completed by party if the 1ˢᵗ CMC was continued or has passed)

Date: _____ Time: _____ in Department _____

---

_ALTERNATIVE DISPUTE RESOLUTION (ADR)_:  If all parties have appeared and filed a completed _ADR Stipulation Form_ (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference.  Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

_WARNING:_  Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

Form CV-5012
Rev. 07/01/07

**CIVIL LAWSUIT NOTICE**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
## ALTERNATIVE DISPUTE RESOLUTION
### INFORMATION SHEET / CIVIL DIVISION

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

*What is ADR?*

ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

*What are the advantages of choosing ADR instead of litigation?*

ADR can have a number of advantages over litigation:

< **ADR can save time.** A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

< **ADR can save money.** Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

< **ADR provides more participation.** Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

< **ADR provides more control and flexibility.** Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

< **ADR can reduce stress.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

*What are the main forms of ADR offered by the Court?*

< **Mediation** is an informal, confidential process in which a neutral party (the mediator) assists the parties in understanding their own interests, the interests of the other parties, and the practical and legal realities they all face. The mediator then helps the parties to explore options and arrive at a mutually acceptable resolution of the dispute. The mediator does not decide the dispute. The parties do.

< Mediation may be appropriate when:
  < The parties want a non-adversary procedure
  < The parties have a continuing business or personal relationship
  < Communication problems are interfering with a resolution
  < There is an emotional element involved
  < The parties are interested in an injunction, consent decree, or other form of equitable relief

*-over-*

CV-5003 REV 5/06

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | | **CM-110** |
|---|---|---|
| | | *FOR COURT USE ONLY* |
| TELEPHONE NO.:        FAX NO. *(Optional):* | | |
| E-MAIL ADDRESS *(Optional):* | | |
| ATTORNEY FOR *(Name):* | | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF

STREET ADDRESS:

MAILING ADDRESS:

CITY AND ZIP CODE:

BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** | | |
|---|---|---|
| **(Check one):** ☐ **UNLIMITED CASE** (Amount demanded exceeds $25,000) | ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | CASE NUMBER: |

**A CASE MANAGEMENT CONFERENCE is scheduled as follows:**

Date:        Time:        Dept.:        Div.:        Room:

Address of court *(if different from the address above):*

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☐ This statement is submitted by party *(name):*
   b. ☐ This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not):*
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*
      (3) ☐ have had a default entered against them *(specify names):*
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served):*

4. **Description of case**
   a. Type of case in ☐ complaint ☐ cross-complaint *(describe, including causes of action):*

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2007]

**CASE MANAGEMENT STATEMENT**

Page 1 of 4

Cal. Rules of Court,
rules 3.720–3.730
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

| | |
|---|---|
| PLAINTIFF/PETITIONER:<br>DEFENDANT/RESPONDENT: | **CM-110**<br>CASE NUMBER: |

4. b.   Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐   *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.   **Jury or nonjury trial**
The party or parties request ☐ a jury trial ☐ a nonjury trial    *(if more than one party, provide the name of each party requesting a jury trial):*

6.   **Trial date**
a. ☐ The trial has been set for *(date):*
b. ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.   Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.   **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a. ☐ days *(specify number):*
b. ☐ hours (short causes) *(specify):*

8.   **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
a.   Attorney:
b.   Firm:
c.   Address:
d.   Telephone number:
e.   Fax number:
f.   E-mail address:
g.   Party represented:
☐   Additional representation is described in Attachment 8.

9.   **Preference**
☐   This case is entitled to preference *(specify code section):*

10.   **Alternative Dispute Resolution (ADR)**
a.   Counsel ☐ has ☐ has not   provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
b. ☐ All parties have agreed to a form of ADR. ADR will be completed by *(date):*
c. ☐ The case has gone to an ADR process *(indicate status):*

**CASE MANAGEMENT STATEMENT**

| PLAINTIFF/PETITIONER: | | CM-110 |
|---|---|---|
| DEFENDANT/RESPONDENT: | CASE NUMBER: | |

10. d. The party or parties are willing to participate in *(check all that apply):*

   (1) ☐ Mediation

   (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)

   (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)

   (4) ☐ Binding judicial arbitration

   (5) ☐ Binding private arbitration

   (6) ☐ Neutral case evaluation

   (7) ☐ Other *(specify):*

  e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

  f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

  g. ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption):*

**11. Settlement conference**

  ☐ The party or parties are willing to participate in an early settlement conference *(specify when):*

**12. Insurance**

  a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

  b. Reservation of rights: ☐ Yes ☐ No

  c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**13. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.

☐ Bankruptcy ☐ Other *(specify):*

Status:

**14. Related cases, consolidation, and coordination**

  a. ☐ There are companion, underlying, or related cases.

    (1) Name of case:

    (2) Name of court:

    (3) Case number:

    (4) Status:

  ☐ Additional cases are described in Attachment 14a.

  b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**15. Bifurcation**

  ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**16. Other motions**

  ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**CASE MANAGEMENT STATEMENT**

| PLAINTIFF/PETITIONER: | | CM-110 |
|---|---|---|
| DEFENDANT/RESPONDENT: | CASE NUMBER: | |

**17. Discovery**
a. ☐ The party or parties have completed all discovery.
b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

Party                    Description
                                                                        Date

c. ☐ The following discovery issues are anticipated *(specify)*:

**18. Economic Litigation**
a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.
b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

**19. Other Issues**
☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

**20. Meet and confer**
a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain)*:

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify)*:

**21. Case management orders**
Previous case management orders in this case are *(check one)*:    ☐ none    ☐ attached as Attachment 21.

**22. Total number of pages attached** *(if any)*: _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.
Date:

_____
(TYPE OR PRINT NAME)                            ▶  _____
                                                                 (SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)                            ▶  _____
                                                                 (SIGNATURE OF PARTY OR ATTORNEY)

                                                    ☐ Additional signatures are attached

**POS-015**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |

Edward L. Niland          Bar No. 66990
Niland & Niland
233 Oak Meadow Drive
Los Gatos, CA 95032

TELEPHONE NO. 408-395-3100          FAX NO. *(Optional):* 408-395-3120
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):* Plaintiff, Hector Barrera

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Clara
STREET ADDRESS: 191 North First Street
MAILING ADDRESS: 191 North First Street
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME:

**RECEIVED**

APR 29 2008

LITIGATION/
SUBPOENA GROUP

PLAINTIFF/PETITIONER: Hector Barrera

DEFENDANT/RESPONDENT: Federal Express Corporation; Angela Suazo, et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER: I-08 CV110397 |
|---|---|

TO *(insert name of party being served):* CT Corporation System, as Agent for Service of Process for FedEx Corporation

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: April 21, 2008

EDWARD L. NILAND
_____
(TYPE OR PRINT NAME)

▶ *Edward L. Niland*
_____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [✓]  A copy of the summons and of the complaint.
2. [✓]  Other *(specify):*

Civil Lawsuit Notice, Alternative Dispute Resolution Information Sheet and blank Case Management Conference Statement

*(To be completed by recipient):*

Date this form is signed: 5/15/08

David S. Wilson, III, Federal Express Corporation
_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ *David S. Wilson, III*
_____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Page 1 of 1<br>Code of Civil Procedure,<br>§§ 415.30, 417.10<br>*www.courtinfo.ca.gov* |

American LegalNet, Inc.
www.USCourtForms.com

**POS-015**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Edward L. Niland        Bar No. 66990<br>Niland & Niland<br>233 Oak Meadow Drive<br>Los Gatos, CA 95032 | |

TELEPHONE NO: 408-395-3100        FAX NO. (Optional): 408-395-3120

E-MAIL ADDRESS (Optional):

ATTORNEY FOR (Name): Plaintiff, Hector Barrera

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Clara
STREET ADDRESS: 191 North First Street
MAILING ADDRESS: 191 North First Street
CITY AND ZIP CODE: San Jose, CA  95113
BRANCH NAME:

**RECEIVED**

APR 2 1 2008

LITIGATION
SUBPOENA GROUP

PLAINTIFF/PETITIONER: Hector Barrera

DEFENDANT/RESPONDENT: Federal Express Corporation;  Angela Suazo, et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>1-08 CV110397 |
|---|---|

TO (insert name of party being served): CT Corporation System, as Agent for Service of Process for FedEx Corporation

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: April 21, 2008

EDWARD L. NILAND
_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of (to be completed by sender before mailing):
1. [✓]   A copy of the summons and of the complaint.
2. [✓]   Other (specify):

   Civil Lawsuit Notice, Alternative Dispute Resolution Information Sheet and blank Case Management Conference Statement

*(To be completed by recipient):*

Date this form is signed:

_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶

_____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

**CT CORPORATION**
A WoltersKluwer Company

**Service of Process Transmittal**
04/28/2008
CT Log Number 513362460

|||||| |||||||| ||| ||||| ||||| |||| ||||| ||| ||| ||| |||| ||| ||| |

**TO:**   Tracey Ferrara
Federal Express Corporation
3620 Hacks Cross Road, Third Floor
Building B
Memphis, TN 38125-

**RECEIVED**

APR 2 9 2008

LITIGATION/
SUBPOENA GROUP

**RE:**   **Process Served in California**

**FOR:**   Federal Express Corporation (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Hector Barrera, Pltf. vs. Federal Express Corporation, et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Letter, Notice and Acknowledgment of Receipt (2 sets), Summons, Complaint, Notice, Information Sheet, Case Management Statement Form, Self-Addressed Stamped Envelope |
| **COURT/AGENCY:** | Santa Clara County, Superior Court, CA<br>Case # 108CV110397 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination - Discrimination - on the basis of gender - August 4, 2006 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Regular Mail on 04/28/2008 postmarked: "Not Post Marked" |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days from date of mailing dated April 21, 2008 - Complete acknowledgment form and return // Within 30 days after service - file a written response // 9/9/08 at 3:00 p.m. - First Case Management Conference |
| **ATTORNEY(S) / SENDER(S):** | Edward L. Niland<br>Niland & Niland<br>233 Oak Meadow Drive<br>Los Gatos, CA 95032<br>408-395-3100 |
| **REMARKS:** | Service was made by mail under Section 415.30 of the California Code of Civil Procedure. Enclosed is a Notice and Acknowledgment of Receipt of Summons and Complaint for your consideration. Please be aware that C T Corporation does not sign on behalf of your company. |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex Priority Overnight , 798429348343<br>Image SOP - Page(s): 17<br>Email Notification, Dwayne S Byrd dsbyrd@fedex.com<br>Email Notification, Cynthia Collins cjcollins@fedex.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br>**TELEPHONE:** | C T Corporation System<br>Nancy Flores<br>818 West Seventh Street<br>Los Angeles, CA 90017<br>213-337-4615 |

RECEIVED

APR 2 9 2008

Cyn...
Managing ...    ...igation

Page 1 of 1 / VI

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

1

2

## PROOF OF SERVICE

3    I am a resident of the State of California, over the age of eighteen
years, and not a party to the within action. My business address is Federal
4    Express Corporation, 2601 Main Street, Suite 340, Irvine, California 92614.

5

6    On May 28, 2008, I served the within document(s):

7    **DEFENDANT'S NOTICE OF REMOVAL**

8    ☐ by transmitting via facsimile the document(s) listed above to the fax
number(s) set forth below.
9

10   ☐ by placing the document(s) listed above in a sealed envelope with postage
thereon fully prepaid, in the United States Mail at Irvine, California addressed
as set forth below.

11   ☐ by arranging with O.C. Corporate Courier, Inc. Attorney Service to
personally deliver the document(s) listed above to the person(s) at the
12   address(es) set forth below.

13   ☒ by placing the document(s) listed above in a sealed envelope with deliver
provided for, addressed as follows for collection by Federal Express for ove
14   delivery at Federal Express Corporation, 2601 Main Street, Suite 340,
California 92614, in accordance with Federal Express Corporation's or
15   business practices.

16          **Edward L. Niland, Esq.**
**NILAND & NILAND**
17          **233 Oak Meadow Drive**
**Los Gatos, CA 95032**
18          **Telephone (408) 395-3100**
**Facsimile (408) 395-3120**
19

20          **Attorneys for Plaintiff**

21   ☐ *(State)* I declare under penalty of perjury under the laws of the State
of California that the above is true and correct.
22

23   ☒ *(Federal)* I declare that I am employed in the office of a member of
the bar of this court at whose direction the service was made.
24

25   Executed on May 28, 2008, at Irvine, California.

26

27                                         JULIA STUMPF

28

JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS

Hector Barrera

**ADR**

## DEFENDANTS

Federal Express Corporation; Angela Suazo; Does 1 through 20

**(b)** County of Residence of First Listed Plaintiff   Santa Clara County, CA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant      Shelby County, Memphis
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Edward L. Niland, Esq.
Niland & Niland
233 Oak Meadow Drive
Los Gatos, CA 95032 Tel (408) 395-3100

**E-FILING**

Attorneys (If Known)

**C 08    02668**

David S. Wilson, III, Esq.
Christopher J. Yost, Esq.
Federal Express Corporataion, 2601 Main Street, Suite 340
Irvine, CA 92614 Tel (949) 862-4656

**RS**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☐ 3  Federal Question (U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☒ 442 Employment | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities – Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities – Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus – Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. Section 1332; 28 U.S.C. Section 1441(a)

Brief description of cause:
Alleged wrongful termination, gender discrimination, retaliation, iied, and breach of contract

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ to be determined

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)

☐ SAN FRANCISCO/OAKLAND      ☒ SAN JOSE

DATE
May 27, 2008

SIGNATURE OF ATTORNEY OF RECORD