David S. Wilson, III (Bar No. 174185)
**FEDERAL EXPRESS CORPORATION**
2601 Main Street, Suite 340
Irvine, CA 92614
TEL: (949) 862-4656
FAX: (949) 862-4605
**dswilson@fedex.com**

**Attorneys for Defendants
FEDERAL EXPRESS CORPORATION
and ANGELA SUAZO**

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR BARRERA,<br><br>    Plaintiff,<br><br>v.<br><br>FEDERAL EXPRESS CORPORATION; ANGELA SUAZO, and Does 1-20,<br><br>    Defendants. | CASE NO.  C08-02668 JF<br><br>Assigned to Hon. Jeremy Fogel<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS DEFENDANT SUAZO UNDER RULE 12(b)(6) FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**<br><br>Date: September 12, 2008<br>Time: 9:00 a.m.<br>Courtroom: 3<br><br>Complaint Filed: April 14, 2008 |

MEMORANDUM OF POINTS AND AUTHORITIES

## I.  Introduction

Substitute service on Defendant Suazo of the Summons and Complaint in this matter was accomplished on May 30, 2008, ten days after the Summons

and Complaint were mailed to Defendant Suazo's work address. *See* Cal. Code Civ. Pro. §§ 415.20(a), (b); Fed. Rules Civ. Pro. 4(e)(1). Plaintiff alleges six claims against Defendant Suazo: (1) wrongful termination in violation of public policy; (2) discrimination in violation of the FEHA; (3) retaliation in violation of the FEHA; (4) breach of contract; (5) breach of the implied covenant of good faith and fair dealing; and (6) intentional infliction of emotional distress. As established below, all six claims fail to state a viable claim against Defendant Suazo, and thus Defendant Suazo should be dismissed with prejudice from this lawsuit pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II.   Argument

Plaintiff's first claim for wrongful termination in violation of public policy fails to state a claim against Defendant Suazo because it is well-settled under California law that only an employer, and **not an employee**, can be held liable for alleged tortuous or wrongful termination. *Jacobs v. Universal Development Corporation*, 53 Cal. App. 4th 692, 704 (1997) [only an employer can be liable for tortuous discharge]; *see also Reno v. Baird*, 18 Cal. 4th 640, 663-664 (1998).

Plaintiff's second claim for discrimination in violation of the FEHA fails to state a claim against Defendant Suazo, who was alleged to be Plaintiff's supervisor who was acting within the course and scope of her employment. California law is clear that liability for discrimination under the FEHA "is limited to the 'employer' only" and does not extend to individual employees such as Defendant Suazo. *Janken v. GM Hughes Elecs.*, 46 Cal. App. 4th 55, 65 (1996); *see also Reno v. Baird*, 18 Cal. 4th 640, 643 (1998) (citing *Janken*, 46 Cal. App. 4th at 55, with approval). Actions such as terminating an employee are common managerial actions that, even if induced by an improper motive, constitute only discrimination, which is actionable

only against the employer and for which a supervisor has **no individual liability**. *Reno*, *supra* at 643-647; *Janken*, *supra* at 55, 63-65. Furthermore, Defendant Suazo's actions regarding the termination of Plaintiff are absolutely privileged personnel actions. *Sheppard v. Freeman*, 67 Cal. App. 4th 339, 349 (1998) *rev. denied* 1999 Cal. LEXIS 759 (1999) (employees, **regardless of their scope of employment or personal motives**, cannot be individually liable for their conduct relating to personnel actions such as termination).

Plaintiff's third claim for retaliation in violation of the FEHA fails to state a claim against Defendant Suazo. As recently announced by the California Supreme Court, where an employer is liable for retaliation under California Government Code section 12940(h), non-employer individuals are not personally liable for their role in that retaliation. *Jones v. The Lodge at Torrey Pines Partnership*, 42 Cal. 4th 1158, 1173, 1174 (2008).

Plaintiff's fourth claim for breach of contract fails to state a claim against Defendant Suazo, who is not alleged to be a party to any alleged employment contract between FedEx and Plaintiff, because it is well-settled under California law that individual defendants who are agents or employees of a contracting party are not parties to alleged breached contracts and have no liability under said contracts. *Gruenberg v. Aetna Insurance Co.*, 9 Cal. 3d 566, 576 (1973); *see also Cleary v. American Airlines, Inc.*, 111 Cal. App. 3d 443, 456, disa*pproved on other grounds by Foley v. Interactive Data*, 47 Cal. 3d 654, 700, n. 42 (1988).

Plaintiff's fifth claim for breach of the implied covenant of good faith and fair dealing fails to state a claim against Defendant Suazo, because where there is no liability for breach of contract there can be no liability for breach of the covenant of good faith and fair dealing. *Schar v. Hartford Life Insurance Co.*, 242 F. Supp. 2d 708, 720 (N.D. Cal. 2003).

Plaintiff's sixth claim for intentional infliction of emotional distress fails

to state a claim against Defendant Suazo, because termination of employment, even it is the product of a discriminatory or retaliatory motive, cannot support a claim for intentional infliction of emotional distress. *Metoyer v. Chassman*, 248 Fed. Appx. 832, 835 (9th Cir. 2007).

### III.   Conclusion

For all of the foregoing reasons, Rule 12(b)(6) of the Federal Rules of Civil Procedure requires that Defendant Suazo be dismissed with prejudice from this action.

DATED:  June 18, 2008            By: _____/S/_____
                                     DAVID S. WILSON, III, ESQ.
                                     **FEDERAL EXPRESS CORPORATION**
                                     Attorneys for Defendants

735617

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Federal Express Corporation, 2601 Main Street, Suite 340, Irvine, California 92614.

On June 19, 2008, I served the within document(s):

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS DEFENDANT SUAZO UNDER RULE 12(b)(6) FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

- ☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below.
- ☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States Mail at Irvine, California addressed as set forth below.
- ☐ by arranging with O.C. Corporate Courier, Inc. Attorney Service to personally deliver the document(s) listed above to the person(s) at the address(es) set forth below.
- ☐ by placing the document(s) listed above in a sealed envelope with delivery fees provided for, addressed as follows for collection by Federal Express for overnight delivery at Federal Express Corporation, 2601 Main Street, Suite 340, Irvine, California 92614, in accordance with Federal Express Corporation's ordinary business practices.

**Edward L. Niland, Esq.**
**NILAND & NILAND**
**233 Oak Meadow Drive**
**Los Gatos, CA 95032**
**Telephone (408) 395-3100**
**Facsimile (408) 395-3120**

**Attorneys for Plaintiff**

- ☐ *(State)* I declare under penalty of perjury under the laws of the State of California that the above is true and correct.
- ☒ *(Federal)* I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on June 19, 2008, at Irvine, California.

/S/
JULIA STUMPF