1 | David S. Wilson, III (Bar No. 174185)
**FEDERAL EXPRESS CORPORATION**
2601 Main Street, Suite 340
Irvine, CA 92614
TEL: (949) 862-4656
FAX: (949) 862-4605
**dswilson@fedex.com**

**Attorneys for Defendants
FEDERAL EXPRESS CORPORATION
and ANGELA SUAZO**

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR BARRERA,<br><br>             Plaintiff,<br><br>      v.<br><br>FEDERAL EXPRESS CORPORATION; ANGELA SUAZO, and Does 1-20,<br><br>             Defendants. | CASE NO.   C08-02668 JF<br><br>Assigned to Hon. Jeremy Fogel<br><br>**REPLY IN SUPPORT OF MOTION TO DISMISS DEFENDANT SUAZO UNDER RULE 12(b)(6) FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**<br><br>Date: September 12, 2008<br>Time: 9:00 a.m.<br>Courtroom: 3<br><br>Complaint Filed: April 14, 2008 |

    Plaintiff concedes, as he must, that the current Complaint on file in this matter does not state a claim against Defendant Angela Suazo upon which relief can be granted.  Plaintiff attempts to avoid Defendant Suazo's dismissal from this lawsuit by requesting, in his Opposition to her FRCP 12(b)(6)

Motion to Dismiss, leave to amend the Complaint to add claims of harassment and slander per se. Unfortunately for Plaintiff, his request for leave must be denied because he **failed to comply with the applicable local rules** of this Court. Specifically, his request for leave should have been made by noticed motion. Civil L.R. 7-1(a). It was not. Second, his request for leave should have been accompanied by the proposed Amended Complaint. Civil L.R. 10-1. It was not.

In any event, Plaintiff's request for leave to amend his Complaint must be denied for the additional reasons described below.

## I. PLAINTIFF FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES WITH REGARD TO HIS PROPOSED HARASSMENT CLAIM.

Under the California Fair Employment and Housing Act ("FEHA"), a plaintiff is required to exhaust his/her administrative remedies by filing a charge of discrimination with the Department of Fair Employment and Housing ("DFEH") prior to filing a civil claim for discrimination or harassment in violation of the FEHA. Rojo v. Kliger, 52 Cal. 3d 65, 88 (1990). Moreover, "[t]o exhaust his or her administrative remedies as to a particular act made unlawful by the Fair Employment and Housing Act, the claimant must specify that act in the administrative complaint, even if the complaint does specify other cognizable wrongful acts." Martin v. Lockheed Missiles & Space Co., 29 Cal. App. 4th 1718, 1724 (1994). Indeed, "'[t]he failure to exhaust an administrative remedy is a jurisdictional, not a procedural defect,' and is a ground for a defense summary judgment." Id. California courts have regularly refused to allow a plaintiff to maintain claims based on conduct not set forth in an administrative charge. See e.g., Yurick v. Superior Court, 209 Cal. App. 3d 1116, 119-1123 (1989), *disapproved on other grounds as stated in* Carmichael v. Alfano Temporary Personnel, 233 Cal.

1  App. 3d 1126 (1991) [harassment and retaliation claims barred where
2  plaintiff's administrative charge only alleged claims of wage discrimination
3  because of failure to exhaust administrative remedies].
4      In the instant matter, Plaintiff filed an administrative charge of
5  discrimination alleging that he was terminated "because of" his "sex" and for
6  "protesting."  (Wilson Decl., ¶ 2).  Despite the fact that the DFEH form
7  provides a space to be checked off for a plaintiff who believes that he has been
8  harassed, Plaintiff did **not** check that box, nor did he give any notice in his
9  DFEH charge that he claimed anything other than gender discrimination and
10 termination for protesting.  Because Plaintiff's DFEH charge fails to identify
11 harassment or even set forth any alleged conduct that could constitute
12 harassment, he has failed to exhaust his administrative remedies as to that
13 claim.  Martin, 29 Cal. App. 4th at 1724, 1730; Yurick, 209 Cal. App. 3d at
14 1123; Lattimore v. Polaroid Corp., 99 F.3d 456 (1st Cir. 1996); Prizevoits v.
15 Indiana Bell Tel. Co., 882 F. Supp. 787 (S.D. Ind. 1995).  Accordingly, this
16 Court does not have jurisdiction to hear Plaintiff's proposed harassment claim
17 and so Plaintiff should not be allowed to amend his Complaint to allege such a
18 claim.

19 **II.    THE CONDUCT ALLEGED DOES NOT STATE A CLAIM OF**
20 **       ACTIONABLE HARASSMENT.**

21     In his Opposition, Plaintiff explains that the act of terminating his
22 employment at Federal Express Corporation ("FedEx") is the alleged
23 harassment he wants to amend his Complaint to assert.  Specifically, Plaintiff
24 writes:  "In the instant case, Plaintiff Berrera asserts he was the victim of the
25 most virulent of all harassment, an abuse of discretionary authority to impose
26 a much harsher than warranted discipline, i.e., termination after 16 years of
27 exemplary service, motivated by personal animosity and a demonstrated
28

1  favoritism toward female employees." (Plaintiff's Motion, p. 3:17-21).[1]
2  Significantly though, as explained at length by the California Supreme Court,
3  the act of terminating an employee does not constitute harassment. <u>Reno v.</u>
4  <u>Baird</u>, 18 Cal. 4th 640, 645-647 (1998). In summing up its two page
5  explanation of the distinction between discrimination and harassment under
6  the FEHA, the <u>Reno</u> Court cited to a lower court opinion with approval as
7  follows: "'We conclude, therefore, that the Legislature intended that
8  commonly necessary personnel management actions such as <u>hiring and firing</u>,
9  job or project assignments, office or work station assignments, promotion or
10 demotion, performance evaluations, the provision of support, the assignment
11 or nonassignment of supervisory functions, deciding who will and who will
12 not attend meetings, deciding who will be laid off, and the like, do not come
13 within the meaning of harassment. These are actions of a type necessary to
14 carry out the duties of business and personnel management. These actions
15 may retrospectively be found discriminatory if based on improper motives, but
16 in that event the remedies provided by the FEHA are those for discrimination,
17 not harassment. Harassment, by contrast, consists of actions outside the scope
18 of job duties which are not of a type necessary to business and personnel
19 management.'" <u>Id</u>. at 646, 647. (Emphasis added). Accordingly, Plaintiff has
20 not alleged facts supporting a claim of actionable harassment and so he should
21 not be permitted to amend his Complaint to assert such a claim.

---

[1] Plaintiff also alleges that he "was attacked and humiliated at numerous group meetings by Angela Suazo <u>for speaking out for employee rights and supporting an employee class action against Federal Express Corporation for violation of work time and employee break rules</u>." (Plaintiff's Motion, p. 2:5-8). (Emphasis added). However, as indicated by the underlined language of this quoted allegation, the motive for this alleged behavior by Suazo was the desire to retaliate against Plaintiff for his protected activity, not his sex. Therefore, since Defendant Suazo cannot have individual liability for retaliation, this particular allegation is not actionable against her.

### III. PLAINTIFF'S PROPOSED CLAIM OF SLANDER PER SE IS BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS.

In the final sentence of his Opposition to Defendant Suazo's Motion to Dismiss, Plaintiff, as an ostensible afterthought and presumably out of desperation, asks in summary fashion for permission for leave to amend his Complaint to bring a claim of slander per se. (Plaintiff's Motion, pp. 3:25-4:2). Plaintiff identifies the alleged slander per se as the decision "to officially categorize Plaintiff's actions as 'falsification.'" Id. That decision was made on August 4, 2006. (Wilson Dec., ¶ 3). Therefore, Plaintiff's proposed claim of slander per se is barred by the applicable one year statute of limitations. Cal. Code Civ. Pro. § 340(c). Moreover, since Plaintiff's initial Complaint was filed on April 14, 2008, more than twenty months after the alleged slander per se occurred, even if Plaintiff's proposed amendment were to relate back to the original Complaint (it would not), Plaintiff's claim of slander per se is time barred. Accordingly, this Court should deny Plaintiff's request for leave to amend since the proposed amendment is futile or would be subject to dismissal. Saul v. United States, 928 F.2d 829, 843 (9th Cir. 1991); FDIC v. Conner, 20 F.3d 1376, 1385 (5th Cir. 1994) [amendment futile if statute of limitations has run].

### IV. THE CONDUCT ALLEGED DOES NOT STATE A CLAIM OF ACTIONABLE SLANDER PER SE.

Slander is defined under California law, in relevant part, as: "a false and unprivileged publication, orally uttered, and also communications by radio or any mechanical or other means which: . . . 3. Tends directly to injure him in respect to his office, profession, trade or business, either by imputing to him general disqualification in those respects which the office or other occupation peculiarly requires, or by imputing something with reference to his office, profession, trade, or business that has a natural tendency to lessen its profits . .

. or 5. Which, by natural consequence, causes actual damage." Cal. Civil Code § 46.

Plaintiff's request for leave is utterly silent about how the decision "to officially categorize . . . [his] actions as 'falsification'" meets the aforementioned definition. For example, Plaintiff does not state whether the categorization of his actions as falsification was orally uttered, is false or, assuming it was false, whether that falsehood was published to a third party. In addition, even assuming it was false and published to a third party (whether a prospective employer or other employees within FedEx), such communication is clearly privileged unless it was made with malice. Cal. Civil Code § 47(c). Moreover, it is Plaintiff's burden to allege facts sufficient to show malice, which he did not do in his request for leave. Williams v. Taylor, 129 Cal. App. 3d 745, 752 (1982) [plaintiff bears the burden of identifying specific facts establishing malice so as to defeat the privilege]. Accordingly, Plaintiff's request for leave to amend must be denied for these additional reasons as well, because a "bare request in an opposition to a motion to dismiss—without any indication of the particular grounds on which the amendment is sought—does not constitute a motion with the contemplation of Rule 15(a) [of the FRCP]." Confederate Mem. Ass'n, Inc. v. Hines, 995 F.2d 295, 299 (D.C. Cir. 1993); United States ex rel. Doe v. Dow Chem. Co., 343 F.3d 325, 330, 331 (5th Cir. 2003).

## V.  PLAINTIFF'S PROPOSED CLAIM OF SLANDER PER SE IS PREEMPTED BY THE CALIFORNIA WORKERS' COMPENSATION ACT.

As recognized by the California Supreme Court in Livitsanos v. Sup. Ct. (Continental Culture Specialists, Inc.), 2 Cal.4th 744, 757 (1992), there is substantial California appellate court authority supporting the argument that defamation claims emanating from employment are preempted by the

1  California Workers' Compensation Act.

**VI. REQUEST FOR LEAVE SHOULD BE DENIED DUE TO PLAINTIFF'S PRIOR KNOWLEDGE OF THE FACTS SUPPORTING HIS PROPOSED CLAIMS OF HARASSMENT AND SLADNER PER SE.**

Since Plaintiff knew or should have known, when drafting the original Complaint, of the facts on which the proposed amendments are based, but did not include all of these facts in the original pleading, his request for leave to amend should be denied.  See Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994).

**VII. CONCLUSION**

For all of the reasons discussed above, Defendant Suazo's FRCP 12(b)(6) Motion to Dismiss her from this lawsuit should be granted and Plaintiff's request for leave to amend his Complaint should be denied.

DATED:  August 29, 2008           By:     /S/ David S. Wilson
                                          _____
                                          DAVID S. WILSON, III, ESQ.
                                          **FEDERAL EXPRESS CORPORATION**
                                          Attorneys for Defendants

744990

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Federal Express Corporation, 2601 Main Street, Suite 340, Irvine, California 92614.

On August 29, 2008, I served the within document(s):

**REPLY IN SUPPORT OF MOTION TO DISMISS DEFENDANT SUAZO UNDER RULE 12(b)(6) FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

- ☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below.
- ☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States Mail at Irvine, California addressed as set forth below.
- ☐ by arranging with O.C. Corporate Courier, Inc. Attorney Service to personally deliver the document(s) listed above to the person(s) at the address(es) set forth below.
- ☒ by placing the document(s) listed above in a sealed envelope with delivery fees provided for, addressed as follows for collection by Federal Express for overnight delivery at Federal Express Corporation, 2601 Main Street, Suite 340, Irvine, California 92614, in accordance with Federal Express Corporation's ordinary business practices.

**Edward L. Niland, Esq.**
**NILAND & NILAND**
**233 Oak Meadow Drive**
**Los Gatos, CA 95032**
**Telephone (408) 395-3100**
**Facsimile (408) 395-3120**

**Attorneys for Plaintiff**

- ☐ *(State)* I declare under penalty of perjury under the laws of the State of California that the above is true and correct.
- ☒ *(Federal)* I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on August 29, 2008, at Irvine, California.

/S/
JULIA STUMPF

REPLY ISO MOTION TO DISMISS DEFENDANT SUAZO UNDER RULE 12(b)(6)