**E-filed 9/26/08**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HECTOR BARRERA,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>FEDERAL EXPRESS CORPORATION, ANGELA SUAZO, and DOES 1-20,<br><br>　　　　　　Defendant. | Case Number C 08-2668 JF (RS)<br><br>ORDER[1] GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND<br><br>[re: docket no. 13] |

## I.  BACKGROUND

Defendants Federal Express Corporation and Angela Suazo move to dismiss Plaintiff Hector Barrera's claims against Suazo pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[2]  For the reasons stated below, the motion will be granted, with leave to amend.

On April 14, 2008, Barrera filed the instant action against Federal Express and Suazo, asserting claims that arise out of the termination of his employment at Federal Express.  Barrera

---

[1] This disposition is not designated for publication in the official reports.

[2] Unless otherwise indicated, references to Rules hereinafter will refer to the Federal Rules of Civil Procedure.

alleges the following: He was employed at Federal Express for more than fifteen years, and worked most recently in the Federal Express office on Brokaw Road in San Jose, California. During his employment, Barrera openly supported a class action suit by other employees against Federal Express, and often spoke out when he perceived management actions to be supervisory abuses of workers' rights. Before his employment was terminated in August 2006, Barrera complied with two customer requests to leave packages at their residences without the requirement of a signature. For this, his supervisor, Angela Suazo, terminated his employment and told him the reason was "falsification." Barrera maintains, however, that Suazo was motivated by several unlawful reasons: his support of the class action and advocacy for workers' rights; gender discrimination; and a desire to prevent him from collecting unemployment benefits by claiming that he was fired for cause. Defendants removed the case from the Santa Clara Superior Court to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

## II.  LEGAL STANDARD

A complaint may be dismissed for failure to state a claim upon which relief can be granted for one of two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal theory. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984). For purposes of a motion to dismiss, all allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994). A complaint should not be dismissed "unless it appears beyond doubt the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Id*. However, the Court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Id*. at 754-55.

## III.  DISCUSSION

Barrera asserts the following claims against Federal Express and Suazo: (1) breach of implied-in-fact contract; (2) breach of implied covenant of good faith and fair dealing; (3) gender discrimination in violation of the California Fair Employment and Housing Act (FEHA); (4)

retaliation in violation of FEHA; (5) violation of fundamental public policy; and (6) intentional infliction of emotional distress. Defendants argue that Suazo, as an employee of Federal Express exercising her supervisory duties, cannot be held individually liable under any of these theories. Barrera does not dispute the insufficiency of his claims as currently alleged, but he seeks leave from the Court to reframe his retaliation claim against Suazo as one for harassment, and to assert an additional claim of slander per se.

**A. First Claim: Breach of Implied-in-Fact Contract**

"Under California law, 'only a signatory to a contract may be liable for any breach.'" *United Computer Systems, Inc. v. AT & T Corp.*, 298 F.3d 756, 761 (9th Cir. 2002) (citing *Clemens v. American Warranty Corp.*, 193 Cal. App. 3d 444, 452 (1987)). Here, Barrera does not claim that Suazo was a party to the contract. In fact, he alleges that "there was an implied in-fact contract that *Federal Express* would deal with Hector Barrera fairly and in a non-discriminatory manner, and not terminate him without just cause." (Compl. at 2) (emphasis added). Even if Suazo's act of termination breached the alleged contract, it is well established that "employees acting for and on behalf of a corporation cannot be held liable for inducing a breach of the corporation's contract." *Shoemaker v. Myers*, 52 Cal.3d 1, 25 (1990). Accordingly, Barrera cannot maintain a breach of contract claim against Suazo in her individual capacity.

**B. Second Claim: Breach of Implied Covenant of Good Faith and Fair Dealing**

Under California law, a claim for breach of an implied covenant of good faith and fair dealing must be based on the existence of an underlying contractual relationship. *See Milne Employees Ass'n v. Sun Carriers*, 960 F.2d 1401, 1411 (9th Cir. 1991) ("the essence of the covenant is that *neither party to the contract* will do anything which would deprive the other of the benefits of the contract") (emphasis added) (citing *Seaman's Direct Buying Service, Inc. v. Standard Oil Co. of Cal.*, 36 Cal.3d 752, 768 (1984)). As discussed above, no contractual relationship exists between Barrera and Suazo.

### C. Third Claim: Gender Discrimination

In support of his gender discrimination claim, Barrera alleges that Suazo's decision to terminate his employment was motivated in part by illegal gender discrimination, as evidenced by Suazo's favoritism toward female employees and application of harsh and terminal discipline against Barrera. However, "employees, regardless of their scope of employment or personal motives, cannot be individually liable for their acts or words relating to personnel actions unless such liability arises from statute." *Sheppard v. Freeman*, 67 Cal. App. 4th 339, 349 (1998). FEHA does not extend liability for discrimination to individual employees. *See Reno v. Baird*, 18 Cal.4th 640, 663 (1998) ("individuals who do not themselves qualify as employers may not be sued under the FEHA for alleged discriminatory acts"); *Janken v. GM Hughes Elecs.*, 46 Cal. App. 4th 55, 65 (1996) (liability for discrimination "is limited to the 'employer' only").

### D. Fourth Claim: Retaliation

Liability for retaliation under FEHA does not extend to "nonemployer individuals." *Jones v. Lodge at Torrey Pines Partnership*, 42 Cal.4th 1158, 1173 (2008). The California Supreme Court has held that "if the employment actions that can give rise to a claim for retaliation are *identical* to the actions that can give rise to a claim for discrimination, it is hard to conceive why the Legislature would impose individual liability for actions that are claimed to be retaliatory but not for the *same* actions that are claimed to be discriminatory." *Id.* at 1168-69 (emphasis original). This reasoning applies equally here, as Barrera's retaliation claim against Suazo arises from the same conduct as the alleged gender discrimination.

Barrera requests leave to amend his complaint to recharacterize Suazo's actions as illegal harassment. Where a complaint is dismissed, leave to amend should be granted unless "any amendment would be an exercise in futility [. . .] or the amended complaint would also be subject to dismissal." *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998) (internal citations omitted). Here, Suazo has not demonstrated that leave to amend the complaint would be futile. The relevant provision of FEHA provides that "[a]n employee of an entity subject to this subdivision is *personally liable* for any harassment prohibited by this section that is perpetrated by the employee." Cal. Gov. Code § 12940(j)(3) (emphasis added); *see also Jones*,

42 Cal.4th at 1162 (citing this code section and clarifying that "[t]his is clear language imposing personal liability on all employees for their own harassing actions"). There appears to be at least a reasonable probability that Barrera could state a harassment claim against Suazo in her individual capacity.[3]

**E. Fifth Claim: Violation of Fundamental Public Policy**

In wrongful discharge actions, courts "may not declare public policy without a basis in either constitutional or statutory provisions." *Gantt v. Sentry Insurance,* 1 Cal.4th 1083, 1095 (1992). In support of his public policy claim, Barrera alleges violation of the United States and California Constitutions. He claims that he was fired in retaliation for his support of workers' rights and for being a proponent of a class action lawsuit filed by other Federal Express employees for wage and hour violations, and that firing him for theses reasons was tantamount to firing.

California law precludes recovery against a supervisor for termination of employment in violation of fundamental public policy. A claim alleging wrongful discharge in violation of public policy is a tort action. *General Dynamics Corp. v. Superior Court,* 7 Cal.4th 1164, 1180 (1994) (quoting *Foley v. Interactive Data Corp.*, 47 Cal.3d 654, 667 (1988)). The duty on which the tort is based arises from the employer-employee relationship. *Khajavi v. Feather River Anesthesia Medical Group,* 84 Cal. App. 4th 32, 53 (3d Dist. 2000). Accordingly, "[o]nly an employer can be liable for tortious discharge, and fellow employees cannot be held accountable for tortious discharge on a conspiracy theory." *Jacobs v. Universal Development Corp.*, 53 Cal.App.4th 692, 704 (4th Dist. 1997). Here, Barrera asserts that the violation of fundamental public policy occurred when he was terminated by Suazo and Federal Express. By asserting that

---

[3] Barrera also seeks to assert an additional claim against Suazo for slander per se. Defendants argue vigorously that granting Barrera leave to amend to assert claims for harassment and slander per se would be futile. However, Barrera has not amended the complaint previously; his counsel represents that such claims could be alleged against Suazo; and the Ninth Circuit has prescribed a liberal standard favoring leave to amend. *See Steckman*, 143 F.3d at 1298. Accordingly, the Court will grant leave to amend. Defendants may raise any appropriate arguments in a 12(b)(6) motion directed toward any amended complaint.

the *termination* was the unlawful action, Barrera brings this claim within the realm of tortious discharge, a claim that cannot be maintained against another employee.

**F. Sixth Claim: Intentional Infliction of Emotional Distress**

A claim for intentional infliction of emotional distress cannot be based on the discrete act of the termination of employment. *Metoyer v. Chassman,* 248 Fed.Appx. 832, 835 (9th Cir. 2007) (citing *Janken v. GM Hughes Electronics*, 46 Cal.App.4th 55, 80 (1996) ("[a] simple pleading of personnel management activity is insufficient to support a claim of intentional infliction of emotional distress")). Barrera's termination is the only basis alleged for the infliction of emotional distress. However, Barrera may be able to allege a viable claim based upon harassment by Suazo. Accordingly, leave to amend will be granted as to this claim.

## IV.  CONCLUSION

Good cause therefor appearing, IT IS HEREBY ORDERED that Defendants' motion to dismiss is GRANTED WITH LEAVE TO AMEND as to the fourth and sixth claims and WITH LEAVE TO AMEND to allege a claim of slander per se. The motion otherwise is GRANTED WITHOUT LEAVE TO AMEND.

IT IS SO ORDERED.


DATED: September 26, 2008

_____
JEREMY FOGEL
United States District Judge

1  Notice has been electronically mailed to:

2  Edward Leo Niland              nilandlaw@gmail.com

3  Christopher James Yost         cjyost@fedex.com

4  David Sidney Wilson , III      dswilson@fedex.com

7

Case No. C 08-2668 JF (RS)
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND
(JFEX1)